NUMBER 13-09-00629-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

JOSE ABRAHAM GUERRERO,               
                             Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 24th
District Court 

of Victoria County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides  

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

            Appellant
Jose Abraham Guerrero appeals from his conviction for three counts of aggravated sexual assault.  See Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii)-(v),
(2)(B) (Vernon Supp. 2010).  Guerrero pleaded not guilty to the offense, and
the jury convicted him of all three counts.  The jury sentenced Guerrero to
ninety-nine years' incarceration for each count, and the sentences were ordered
to run concurrently.

            Concluding that Guerrero's appeal in this
case "would be frivolous," counsel filed an Anders brief in
which she reviewed the merits, or lack thereof, of the appeal.  We affirm.

I.  Compliance with Anders v. California

            Pursuant to Anders v. California, 386
U.S. 738, 744 (1967), Guerrero's court-appointed appellate counsel has filed a
brief with this Court, stating that she has "reviewed the transcript of
the trial and exhibits introduced therein, as well as the district clerk's
record" and in her professional opinion, "there are no reversible
grounds of error."  After discussing the testimony and argument at the
guilt-innocence and punishment phases of the trial, three potential grounds for
appeal, and the applicable law, counsel concludes that none of the discussed
"potential issues . . . rose to the level of arguable grounds for
appeal" and "that an appeal would be . . . wholly frivolous."  See
In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig.
proceeding) ("In Texas, an Anders brief need not specifically
advance 'arguable' points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent
legal authorities.") (citing Hawkins v. State, 112 S.W.3d 340,
343-44 (Tex. App.–Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Guerrero's counsel has
carefully discussed why, under controlling authority, there are no errors in
the trial court's judgment.  Counsel has informed this Court that she has:  (1)
examined the record and found no arguable grounds to advance on appeal, (2)
served a copy of the reporter's and clerk's records, counsel's brief, and her
motion to withdraw on Guerrero, and (3) informed Guerrero of his right to
review the record and to file a pro se response.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  

Guerrero filed with this Court two
motions for extensions of time for filing his pro se response.  We granted both
extensions, and the last deadline for Guerrero's response was November 14,
2010.  No pro se brief has been filed.  See In re Schulman, 252 S.W.3d
at 409.

II.  Independent Review

            Upon receiving an Anders brief, this
Court must conduct a full examination of all the proceedings to determine
whether the case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have reviewed the entire record and counsel's brief, and we have
found nothing that would arguably support an appeal.  See Bledsoe v. State,
178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in
the briefs and reviewed the record for reversible error but found none, the
court of appeals met the requirement of Texas Rule of Appellate Procedure
47.1."); Stafford, 813 S.W.2d at 509.  Accordingly, we affirm the
judgment of the trial court.

III.  Motion to Withdraw

In accordance with Anders,
Guerrero's attorney has asked this Court for permission to withdraw as counsel
for appellant.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes
the appeal is frivolous, he must withdraw from representing the appellant.  To
withdraw from representation, the appointed attorney must file a motion to
withdraw accompanied by a brief showing the appellate court that the appeal is
frivolous.") (citations omitted)).  We grant counsel's motion to withdraw that
was carried with the case on August 9, 2010.  Within five days of the date of this
Court’s opinion, counsel is ordered to send a copy of the opinion and judgment
to Guerrero and to advise Guerrero of his right to file a petition for
discretionary review.[2] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

                                                                                         NELDA
V. RODRIGUEZ

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 16th 

day of December,
2010.

                                                                                                                                                            









[1]The Texas Court of Criminal Appeals
has held that "the pro se response need not comply with the rules of
appellate procedure in order to be considered.  Rather, the response should
identify for the court those issues which the indigent appellant believes the
court should consider in deciding whether the case presents any meritorious
issues."  In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App.
2008) (orig. proceeding) (quoting Wilson v. State, 955 S.W.2d 693,
696-97 (Tex. App.–Waco 1997, no pet.)).

 





[2]No substitute counsel will be
appointed.  Should Guerrero wish to seek further review of this case by the
Texas Court of Criminal Appeals, he must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3; 68.7.  Any petition for discretionary review should comply
with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4